|  |  |
|---|---|
| J. Chad Mitchell, WSBA #39689<br>SUMMIT LAW GROUP PLLC<br>315 Fifth Avenue S, Suite 1000<br>Seattle, Washington  98104-2682<br>Telephone:  (206) 676-7000<br>Facsimile:  (206) 676-7001<br><br>*Attorneys for Lansing Trade Group, LLC* | THE HONORABLE LONNY R. SUKO |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| PLYMOUTH GRAIN TERMINALS, LLC, a Delaware limited liability company, CENTRAL WASHINGTON CORN PROCESSORS, INC., a Washington corporation, and PAULSON COMMODITIES, LTD., an Oregon corporation,<br><br>   Plaintiffs,<br><br> v.<br><br>LANSING GRAIN COMPANY, LLC, a Michigan limited liability company, LANSING GRAIN COMPANY, an assumed name, LGC GRAIN COMPANY, LLC, a Michigan limited liability company, and LANSING TRADE GROUP, LLC, a Delaware limited liability company,<br><br>   Defendants. | CASE NO. CV-10-5019-LRS<br><br>**STIPULATED PROTECTIVE ORDER** |
| LANSING TRADE GROUP, LLC, a Delaware limited liability company,<br><br>   Counterclaim Plaintiff,<br><br> v. |  |

PROTECTIVE ORDER - 1
(CV-10-5019-LRS)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

PLYMOUTH GRAIN TERMINALS, LLC, a Delaware limited liability company, CENTRAL WASHINGTON CORN PROCESSORS, INC., a Washington corporation, and PAULSON COMMODITIES, LTD., an Oregon corporation,

          Counterclaim Defendants.

Pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d), it is hereby ordered as follows:

1.    This Protective Order shall apply to any information, document or thing subject to discovery in this action that is believed to contain confidential or proprietary information and is owned or controlled by a party, or is owned or controlled by a third party who elects or is ordered to provide discovery in this action under the terms and conditions of this Protective Order (hereinafter "CONFIDENTIAL MATERIALS"). This includes, without limitation, testimony adduced at depositions upon oral examination pursuant to Fed. R. Civ. P. 30, written responses to interrogatories pursuant to Fed. R. Civ. P. 33, documents produced pursuant to Fed. R. Civ. P. 34, answers to requests for admission pursuant to Fed. R. Civ. P. 36, and testimony, documents and things provided pursuant to Fed. R. Civ. P. 45. CONFIDENTIAL MATERIALS shall include all information, documents and things relating in any way to the substance of the foregoing, including but not limited to, copies, summaries, or abstracts of the foregoing.

2.    This Order shall govern the handling of documents and the information they contain prior to trial, and shall govern the handling after trial of

PROTECTIVE ORDER - 2
(CV-10-5019-LRS)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

documents and information that do not become part of the record at trial. With respect to documents or information to be used at trial, the parties shall meet and confer after the pretrial conference to reach an agreement as to the confidentiality of information to be used at trial. If necessary, the parties will also develop a method for maintaining the confidentiality of such information and documents at trial.

    3.    A party or third party producing materials ("Providing Party") shall label or mark documents and things deemed to be CONFIDENTIAL MATERIALS with the legend "Confidential." At the time a document or portion thereof is produced for inspection by counsel, it is sufficient designation for this purpose that a container holding tangible objects, a file or an individual document bear a written label marked "Confidential."

    4.    CONFIDENTIAL MATERIALS mistakenly produced or disclosed without a "Confidential" designation after the entry of this Order may be subsequently designated by the producing person as "Confidential" pursuant to the terms of Paragraph 3. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked "Confidential." Within five days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked items and all copies thereof. No person shall be liable for publicly disclosing CONFIDENTIAL MATERIALS pursuant to this paragraph if that disclosure occurred prior to receipt of said written notice.

    5.    In the case of depositions upon oral examination, counsel shall have 30 days from receipt of the deposition transcript to request in writing that the

PROTECTIVE ORDER - 3
(CV-10-5019-LRS)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

specific pages which include CONFIDENTIAL MATERIALS be included in a separate, sealed portion of the transcript. The reporter, who shall first have agreed to abide by the terms of this Protective Order, shall be instructed to include on the cover page of each sealed portion the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith." When testimony designated as confidential is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the deposition.

6. Until expiration of the aforesaid 30-day period, all deposition transcripts shall be considered and treated as protected CONFIDENTIAL MATERIALS, unless otherwise agreed on the record at the deposition.

7. CONFIDENTIAL MATERIALS shall be treated by each receiving party as confidential unless and until this Court rules to the contrary or the Providing Party agrees otherwise. Unless and until the Court rules or the Providing Party otherwise agrees, access to or disclosure of CONFIDENTIAL MATERIALS shall be limited to:

(a) The Court and those employed by the Court, in which event such information shall be filed under seal in accordance with the Electronic Case Filing, Administrative Procedures for Electronic Case Filing-Civil Cases, Section II.A.4. (and kept under seal until further order of the Court);

(b) The named parties in this case and their employees assisting in this case, as well as their in-house attorneys and legal staff;

PROTECTIVE ORDER - 4
(CV-10-5019-LRS)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

(c) The outside attorneys of record, and associated attorneys within the parties' respective outside law firms, and the employees of such attorneys;

(d) Outside experts or outside consultants for a party, including their stenographic and clerical personnel, whose advice and consultation are being or will be used by such party in connection with preparation for trial, or for trial of this action, including any motions in this action;

(e) Any actual or potential witness, provided there is a reasonable basis to believe that the witness will give relevant testimony regarding the confidential material; and

(f) Any person testifying at a deposition.

8. Counsel desiring to disclose CONFIDENTIAL MATERIALS to such outside experts or outside consultants under Paragraph 7(d), actual or potential witnesses under 7(e) or deponents under 7(f) shall first obtain from each such person a signed undertaking in the form of Exhibit A hereto.

9. CONFIDENTIAL MATERIALS of a Providing Party shall not be made public by the receiving party or divulged to anyone other than the persons entitled to access as set forth herein. No CONFIDENTIAL MATERIALS shall be reproduced or used except in connection with the litigation.

10. Nothing in this Protective Order shall require disclosure of material that counsel for a party or a third party contends is protected from disclosure by the attorney-client privilege or the attorney work-product immunity. This shall

PROTECTIVE ORDER - 5
(CV-10-5019-LRS)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

not preclude any party from moving the Court for an Order directing the disclosure of such material.

(a) If, in connection with the pending litigation, a Providing Party discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter.

(b) A Providing Party may claim in writing attorney-client privilege or work product protection with respect to Disclosed Protected Information. The Receiving Party shall, within five business days of receipt of that writing, return or destroy all copies of the Disclosed Protected Information and provide a certification of counsel that all such Disclosed Protected Information has been returned or destroyed.

(c) Within five business days of the notification that such Disclosed Protected Information has been returned or destroyed, the Disclosing Party shall produce a privilege log with respect to the Disclosed Protected Information.

(d) The receiving party may move the Court for an Order compelling production of the Disclosed Protected Information (a "Privilege Motion"). The Privilege Motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the production.

(e) The Producing Party retains the burden of establishing privileged or protected nature of any Disclosed Protected Information. Nothing in this

PROTECTIVE ORDER - 6
(CV-10-5019-LRS)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

paragraph shall limit the right of any party to petition the Court for an in camera review of the Disclosed Protected Information.

(f) If, at trial, at a hearing, at a deposition, or on a motion, a Producing Party marks for identification or offers into evidence Disclosed Protected Information — or proffers or elicits testimonial or other evidence that incorporates or relies on Disclosed Protected Information, including evidence within Federal Rule of Evidence 703 — that act shall be deemed to effect a waiver and forfeiture by the Disclosing Party of attorney-client privilege and work product protection that would otherwise apply to undisclosed information concerning the same subject matter, within Federal Rule of Evidence 502(a). The preceding sentence shall not apply to (i) proceedings to determine whether the Disclosed Protected Information is privileged or protected or subject to discovery or disclosure, or (ii) Disclosed Protected Information that is marked for identification, offered into evidence, or incorporated in evidence proffered or elicited by an adverse party, or relied on by a witness proffered by an adverse party.

11. The acceptance by a party of CONFIDENTIAL MATERIALS shall not constitute an admission or concession or permit an inference that the CONFIDENTIAL MATERIALS are, in fact, confidential. This Protective Order shall not foreclose a party from moving or for an order that any CONFIDENTIAL MATERIALS are not, in fact, confidential.

12. This Protective Order shall not prevent a party or third party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

PROTECTIVE ORDER - 7
(CV-10-5019-LRS)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

13. Any party may object to the confidential designation of any document or information. If a party does so, it must do so in writing to counsel and request a meeting to attempt to resolve the dispute. If the dispute is not resolved through this meet and confer process, then no later than seven days after one party or the other in writing states that no resolution of the dispute is possible, the other party may move the Court for appropriate relief. In the event that a large number of documents or materials are in dispute, then the parties shall agree upon a reasonable amount of time during which any party may move the Court for appropriate relief, not to exceed 25 days after one party or the other in writing states that no resolution of the dispute is possible. Any disputed documents or other material shall be treated as confidential under this Protective Order until the Court rules otherwise.

14. If a party objects to confidential designations by a nonparty, the party shall notify counsel and the nonparty. The nonparty will then have the obligation to seek protection from the court in which this action is pending or any other court of competent jurisdiction. Any party may join in such a motion. Until resolution of such a motion, the documents shall be treated by the parties as confidential.

15. CONFIDENTIAL MATERIALS may be used to prepare for and conduct discovery and to prepare for trial all subject to Paragraphs 2, 7 and 8. CONFIDENTIAL MATERIALS may also be used in testimony at trial, in connection with any motion, at any hearing, and at depositions, and may be offered in evidence at trial or in connection with any motion, all subject to Paragraphs 2, 7 and 8. The restrictions on use of CONFIDENTIAL

PROTECTIVE ORDER - 8
(CV-10-5019-LRS)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

MATERIALS set forth in this Protective Order shall survive the conclusion of this litigation and, after conclusion of this litigation, the Court shall retain jurisdiction for the purpose of enforcing this Protective Order.

16. All exhibits, work product or other materials which contain or disclose the contents of the CONFIDENTIAL MATERIALS or any portion thereof and which are developed by outside counsel or by any other expert, consultant or other person authorized to have access to the subject materials pursuant to Paragraph 7 hereof shall be subject to all of the provisions of the Protective Order as if the materials were part of the subject materials.

17. After final termination of this action, counsel for the receiving party shall return all copies of CONFIDENTIAL MATERIALS to counsel for the Providing Party, or shall destroy such CONFIDENTIAL MATERIALS, and shall certify either the return or the destruction of all such CONFIDENTIAL MATERIALS to counsel for the Providing Party. In addition, counsel for the receiving party shall either return all copies provided to other persons pursuant to Paragraph 7(d)-(f) or shall obtain a certification of destruction from such persons.

18. Restrictions and obligations set forth herein relating to CONFIDENTIAL MATERIALS shall not apply to any information which the parties agree, or the Court rules, (a) was or becomes public knowledge other than a result of disclosure by the receiving party, or (b) has come or shall come into the receiving party's legitimate possession independently of the Providing Party. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any CONFIDENTIAL MATERIALS if the parties agree or the

PROTECTIVE ORDER - 9
(CV-10-5019-LRS)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  Court rules that said person already had or obtained possession thereof
2  legitimately.
3      19.   Nothing in this Protective Order shall limit any Producing Party's
4  use of its own documents or shall prevent any Producing Party from disclosing its
5  confidential information to any person.  Such disclosures shall not affect any
6  confidential designation made pursuant to the terms of this Protective Order so
7  long as disclosure is made in a manner which is reasonably calculated to maintain
8  the confidentiality of the information.
9      20.   The Court retains jurisdiction to make any amendments,
10 modifications or additions to this Protective Order as it deems appropriate.
11     DATED this 5th day of August, 2011.

                                *s/Lonny R. Suko*
                                _____
                                LONNY R. SUKO
                                US District Court Judge

PROTECTIVE ORDER - 10
(CV-10-5019-LRS)

Presented by:

SUMMIT LAW GROUP PLLC

/s/ *J. Chad Mitchell*
J. Chad Mitchell, WSBA #39689
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone: (206) 676-7000
Facsimile: (206) 676-7001
chadm@summitlaw.com

Thomas E. Carew (*pro hac vice*)
LANSING TRADE GROUP LLC
1050 West Blue Ridge Boulevard
Kansas City, MO 64145-1216
Telephone: (913) 220-7079
tcarew@lansingtradegroup.com

***Attorneys for Defendant and Counterclaim Plaintiff***

PROTECTIVE ORDER - 11
(CV-10-5019-LRS)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

EXHIBIT A

| | |
|---|---|
| J. Chad Mitchell, WSBA #39689<br>SUMMIT LAW GROUP PLLC<br>315 Fifth Avenue S, Suite 1000<br>Seattle, Washington  98104-2682<br>Telephone:  (206) 676-7000<br>Facsimile:  (206) 676-7001<br><br>*Attorneys for Lansing Trade Group, LLC* | THE HONORABLE LONNY R. SUKO |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PLYMOUTH GRAIN TERMINALS, LLC, a Delaware limited liability company, CENTRAL WASHINGTON CORN PROCESSORS, INC., a Washington corporation, and PAULSON COMMODITIES, LTD., an Oregon corporation,<br><br>            Plaintiffs,<br><br>      v.<br><br>LANSING GRAIN COMPANY, LLC, a Michigan limited liability company, LANSING GRAIN COMPANY, an assumed name, LGC GRAIN COMPANY, LLC, a Michigan limited liability company, and LANSING TRADE GROUP, LLC, a Delaware limited liability company,<br><br>            Defendants. | CASE NO. CV-10-5019-LRS<br><br>**DECLARATION** |
| LANSING TRADE GROUP, LLC, a Delaware limited liability company,<br><br>            Counterclaim Plaintiff,<br><br>      v. | |

PROTECTIVE ORDER - 12
(CV-10-5019-LRS)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

# EXHIBIT A

PLYMOUTH GRAIN TERMINALS, LLC, a Delaware limited liability company, CENTRAL WASHINGTON CORN PROCESSORS, INC., a Washington corporation, and PAULSON COMMODITIES, LTD., an Oregon corporation,

        Counterclaim Defendants.

I, _____, declare as follows:

1. My address is _____. My present occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for purposes of this action, any "CONFIDENTIAL MATERIALS" which I receive in connection with this lawsuit.

Executed this _____ day of _____, 2011 at _____.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                                                            _____

PROTECTIVE ORDER - 13
(CV-10-5019-LRS)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001