UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PLYMOUTH GRAIN TERMINALS, LLC, a Delaware limited liability company, CENTRAL WASHINGTON CORN PROCESSORS, INC. a Washington corporation, and PAULSON COMMODITIES, LTD., an Oregon corporation,<br><br>            Plaintiffs,<br><br>   v.<br><br>LANSING GRAIN COMPANY, LLC, a Michigan limited liability company, LANSING GRAIN COMPANY, an assumed name, LGC GRAIN COMPANY, LLC, a Michigan limited liability company, and LANSING TRADE GROUP, LLC, a Delaware limited liability company,<br><br>            Defendant.<br>_____<br><br>LANSING TRADE GROUP, LLC, a Delaware limited liability company,<br><br>            Counterclaim Plaintiff, | NO:  10-CV-5019-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION |

ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER ~ 1

|   |   |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | v.<br><br>PLYMOUTH GRAIN TERMINALS, LLC, a Delaware limited liability company, CENTRAL WASHINGTON CORN PROCESSORS, INC., a Washington corporation, and PAULSON COMMODITIES, LTD., an Oregon corporation,<br><br>Counterclaim Defendants. |

BEFORE THE COURT is Defendant's Motion for Reconsideration re Order on Motion for Summary Judgment (ECF No. 430). This matter was submitted for consideration without oral argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

## BACKGROUND

Defendant seeks reconsideration of the Court's December 20, 2013, Order Denying in Part the Parties' Motions for Summary Judgment (ECF No. 428). For the reasons discussed below, the motion will be granted.

## DISCUSSION

A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir.

ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER ~ 2

1993). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263; *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Defendant requests reconsideration on three grounds: (1) in response to a Fed. R. Civ. P. 36 request for admission, Plaintiffs denied that PC and CWCP were bound by the CMA; (2) the Court denied summary judgment based on a legal theory and claim that was never pleaded by Plaintiffs, and PC and CWCP are not partners under the partnership; and (3) Plaintiffs have not identified damages for PC or CWCP for breach of the CMA, breach of a duty of good faith and fair dealing, or breach of fiduciary duty, and damages are essential elements of those claims. As Plaintiffs point out, Defendant fails to identify the standard under which motions for reconsideration can be granted. Because Defendant presents arguments and evidence in existence at the time of the motion for summary judgment, the Court assumes it seeks reconsideration on grounds that the Court "committed clear error or the initial decision was manifestly unjust."

///

## 1. Whether the Court Clearly Erred in Finding a Dispute of Material Fact as to Whether CWCP and PC Were Parties to the CMA

The Court first examines whether it committed clear error in denying summary judgment on the issue of CWCP and PC's partnership with Lansing under the CMA. The Court stated in its order that there was a material issue of fact with respect to whether PC and CWCP were parties to the Corn Marketing Agreement ("CMA"). ECF No. 428 at 9. Defendant contends in its motion for reconsideration that the Court erred in this conclusion on grounds that (1) Defendant's statement of facts cited Plaintiffs' Fed. R. Civ. P. 36(b) admission denying that PC or CWCP were bound by the CMA; (2) Steven Paulson stated in his deposition that Lansing was not required to use PC as a broker under the CMA; and (3) Paulson stated in his deposition that Lansing was not required to use CWCP as corn grinder under the CMA. ECF No. 430 at 3-6.

On reconsideration, the Court agrees that neither CWCP nor CP has raised a triable issue of fact that they were parties to the CMA, contrary to the Court's finding in the Order Denying in Part the Parties' Motions for Summary Judgment. ECF No. 428 at 9. The Court notes, however, that Lansing's own inconsistent position with respect to PC's obligations under the CMA has created confusion. Lansing argues repeatedly that PC and CWCP are not parties to the CMA, but simultaneously maintains its claim against PC on grounds that PC was obligated to

broker trades for Lansing under the CMA. ECF No. 150 at 21. Lansing in fact reiterated this claim in a footnote to the Motion for Reconsideration now before the Court, on the same page as it claims that PC is not a party to the CMA. ECF No. 430 at 3-4.[1]

Despite Defendant's inconsistent position, the Court finds that it erred in not giving effect to the Rule 36 admissions that PC and CWCP were not bound under the CMA, even though they were not highlighted in Lansing's motion for summary judgment. Lansing's statement of facts included a statement to the effect that "[n]either CWCP nor PC is a party to the CMA," citing directly to Paulson's deposition testimony and a *see also* to "Mitchell Decl., Ex. G." ECF No. 299 at 2.

---

[1] Lansing states in the body of the motion, "Because it has been conclusively established against the Plaintiffs that PC and CWCP are not bound by the CMA, there can be no factual dispute as to whether PC or CWCP are parties to the CMA." ECF No. 430 at 3-4. Lansing goes on to argue that "regardless of other 'evidence,' including allegations in Defendant's counterclaims, the Rule 36 responses establish those facts against Plaintiffs." *Id.* at 4. The footnote states, "With respect to PC, Lansing does allege that under the CMA, PC was obligated to broker trades for Lansing. Lansing does not allege any other PC obligation under the CMA, so any fiduciary relationship would have to be limited to that scope.").

ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER ~ 5

Exhibit G is an excerpt of Plaintiffs' responses to Defendant's first request for admission, stating in relevant part:

> **Request for Admission No. 2**: Admit that CWCP is bound by the Corn Marketing Agreement.
> **Plaintiffs' Response:** Deny.
> **Request for Admission No. 3:** Admit that Paulson Commodities, Ltd. is bound by the Corn Marketing Agreement.
> **Plaintiffs' Response:** Deny.

ECF No. 299-2 at 4.

Under Rule 36, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

Here, Plaintiffs' Rule 36 responses establish that neither PC nor CWCP are bound by the CMA. As Lansing argues, if either of them were parties to the CMA they would be bound under the agreement and have answered the Rule 36 inquiry affirmatively. Accordingly, Defendant's motion for reconsideration on this issue is granted.

### 2. Whether PC and CWCP are Joint Venturers

Defendant argues that Plaintiffs never use the term "joint venture" in the verified complaint and that the partnership was with respect to Lansing and PGT only. ECF No. 430 at 9. However, this characterization is inaccurate, as Plaintiffs refer to the agreement with Lansing as a "joint venture" in the facts section of their

complaint. *See* ECF No. 1 at 5, para. 31 ("Lansing refused to provide any documentation, including but not limited to documents reflecting its contracts…and other expenses relating to the **joint venture**." (emphasis added)). Thus, the Court will continue to analyze the relationship between the parties as a joint venture, though it notes that under Washington law, a joint venture "is in the nature of a partnership, and the rights, duties and liabilities of joint adventurers are generally subject to the rules applicable to partnerships." *Rains v. Walby*, 13 Wash. App. 712, 720 (1975). And "the association of two or more persons to carry on as co-owners a business for profit forms a partnership, whether or not the persons intend to form a partnership." RCW 25.05.055.

Lansing also contends that PGT and Lansing were the only parties to the partnership, as verified by Paulson's deposition. In its order on the parties' motions for summary judgment, the Court found that the dispute of material fact as to whether PC and CWCP were parties to the CMA likewise indicated a dispute of material fact as to whether PC and CWCP were joint venturers, as the Court found PGT and Lansing to be. ECF No. 428 at 14-16. Now having found that PC and CWCP were not parties to the CMA in response to Defendant's motion for reconsideration, the Court now considers the effect of this change on whether PC or CWCP were parties to the joint venture.

ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER ~ 7

As stated in the Court's order on the parties' motions for summary judgment, "[t]he essential elements of a joint venture are (1) a contract, express or implied; (2) a common purpose; (3) a community of interest; (4) an equal right to a voice, accompanied by an equal right to control." *Paulson v. Pierce Cnty.*, 99 Wash. 2d 645, 654-55 (1983). An ownership or proprietary interest in the subject matter of the enterprise by all parties is not essential to creation of a joint venture. *Id*. In joint ventures, funds, property or labor are joined in common purpose, each contributor has some right to direct conduct of others, losses and profits are shared, and repayment of money advanced is not required absolutely, but is contingent upon making a profit. *Liebergesell v. Evans*, 23 Wash.App. 357, 361 (1979), review granted, reversed on other grounds, 93 Wash.2d 881 (1980).

Here, having decided that the Rule 36 statements preclude PC and CWCP from being parties to the CMA, the Court likewise finds that PC and CWCP were not joint venturers under the CMA because they do not meet the requirements under the common law. First, absent any agreement under the CMA, there is no evidence that PC or CWCP had an "equal voice" or "equal right to control." If they were not parties to the CMA, any relationship they had to the other entities appears much more like a services agreement, for which both were paid. Nor is there a suggestion that profits and losses are shared, since the CMA provides that "Lansing will distribute to SG 40% of all net operating profits over $75,000 minus

ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER ~ 8

40% of bad all bad debt write off and <u>100% of brokerage paid to Paulsen Commodities</u>." ECF No. 150-1 (emphasis in original). PC's share is contemplated as "brokerage," not a share of the profits or losses. There is likewise no indication that grinding services provided by CWCP were compensated under a profit and loss sharing scheme under the CMA rather than by outright payment for services rendered. Accordingly, the Court finds that, in light of the change, PC and CWCP are not parties to the joint venture.

### 3. Whether CP or CWCP's Breach of Fiduciary Duty or Duty of Good Faith and Fair Dealing Claims Survive

Lansing also contends that PC and CWCP's claims for breach of fiduciary duty and good faith and fair dealing must also be dismissed because they have no damages. While Lansing did not make this argument in its motion for summary judgment or opposition to Plaintiffs' motion for summary judgment, in light of the above conclusion that PC and CWCP are not bound by the CMA, the Court will reconsider its finding with respect to these two issues.

In its order on the parties' motions for summary judgment, the Court partially granted Defendant's motion for summary judgment on the issue of breach of fiduciary duty, finding that "no fiduciary duties are owed to PC and CWCP outside the CMA." ECF No. 428 at 28. Having found on reconsideration above that PC and CWCP are not parties to the CMA, nor are they joint venturers or

1  partners under the CMA, the Court likewise here amends its previous conclusion.

2  Accordingly, the Court concludes that PC and CWCP have no claim for breach of

3  fiduciary duty because, as they were not bound by or parties to the CMA, no duty

4  was owed to them under the CMA.

5      Similarly, in its order the Court also found that the question of fact as to

6  whether PC and CWCP were parties to the CMA raised a question of fact as to

7  whether there was a duty of good faith and fair dealing as to them, precluding

8  summary judgment for Defendant. ECF No. 428 at 30. Contracts carry an implied

9  covenant of good faith and fair dealing obligating the parties to cooperate with

10  each other so that they may both obtain the full benefit of performance. *Frank

11  Coluccio Constr. Co., Inc. v. King County*, 136 Wash. App. 751, 764 (2007).  As

12  the Court noted in its order on the parties' motions for summary judgment, the duty

13  of good faith and fair dealing is inextricably intertwined with explicit duties under

14  the contract. ECF No. 428 at 30. Having, upon reconsideration, found that PC and

15  CWCP are not parties to or bound under the CMA, the Court likewise finds that

16  they have no duties under the CMA, nor did Defendant have duties to them under

17  the CMA. As such, neither PC nor CWCP can maintain a claim of breach of duty

18  of good faith and fair dealing under the CMA.

19  ///

20  ///

**Accordingly, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Reconsideration (ECF No. 430) is **GRANTED.**

   a. Upon Defendant's motion, the Court finds that it erred in holding that there remained a triable issue of fact as to whether Plaintiffs CWCP and PC are bound by the CMA. PC and CMA are not bound by the CMA.

   b. As a result, upon Defendant's motion, the Court finds that it erred in holding that there was a triable issue of fact as to whether PC and CWCP were joint venturers under the CMA. PC and CWCP are not joint venturers under the CMA.

   c. As a result, the Court likewise modifies its finding with respect to PC and CWCP's claims for breach of fiduciary duty and breach of the duty of good faith and fair dealing. Neither CWCP nor PC's claims survive this motion.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** February 14, 2013.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER ~ 11