UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PLYMOUTH GRAIN TERMINALS, LLC, a Delaware limited liability company, CENTRAL WASHINGTON CORN PROCESSORS, INC. a Washington corporation, and PAULSON COMMODITIES, LTD., an Oregon corporation,,<br><br>          Plaintiffs,<br><br>     v.<br><br>LANSING GRAIN COMPANY, LLC, a Michigan limited liability company, LANSING GRAIN COMPANY, an assumed name, LGC GRAIN COMPANY, LLC, a Michigan limited liability company, and LANSING TRADE GROUP, LLC, a Delaware limited liability company,<br><br>          Defendant. | NO: 10-CV-5019-TOR<br><br>ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTIONS *IN LIMINE* |

BEFORE THE COURT are Defendant's Motion *in Limine* No. 1 Re:

Plaintiff's Damages Allegations (ECF No. 385) and Motion *in Limine* No. 2 Re:

ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S
MOTIONS *IN LIMINE* ~ 1

Location 251 and Beyond (ECF No. 387). This matter was heard with oral argument at the Pretrial Conference on April 4, 2014. Joan M. Schulkers and John S. Ziobro appeared on behalf of the Plaintiff. J. Chad Mitchell and Kirk T. May appeared on behalf of Defendant. The Court has reviewed the briefing and the record and files herein, and is fully informed.

## MOTIONS IN LIMINE

Defendant moves *in limine* on various issues; the Court addresses each in turn.[1] The Court's rulings are preliminary, dependent on how evidence is offered at trial. As the Supreme Court has noted, *in limine* rulings are

> subject to change when the case unfolds.... Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.

---

[1] The Court notes that the parties' motions *in limine* were due under the scheduling order before the Court issued its order on the parties' motions for summary judgment. Pursuant to the Court's order, the trial was bifurcated into a bench trial for an accounting at the originally scheduled trial date on January 13, 2014, and a jury trial at a later date. When the parties appeared for the bench trial, they informed the Court that they preferred the accounting to take place at the same time as the jury trial. Accordingly, the Court now addresses the parties' original motions *in limine*, noting where subsequent rulings have mooted the request.

ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTIONS *IN LIMINE* ~ 2

*Luce v. United States*, 469 U.S. 38, 41–42 (1984); *McSherry v. City of Long Beach*, 423 F.3d 1015, 1022 (9th Cir. 2005).

**A. Defendant's Motion *In Limine* No. 1 Re: Plaintiffs' Damages Allegations**

Defendants move *in limine* to exclude evidence of three categories of damages: (1) PC's damages for misappropriation of a trade secret and interference of prospective advantage; (2) PC's damages of $8,000 in brokerage fees; (3) and PGT's disgorgement damages of $75,000 per year retained by Lansing for its accounting under the CMA. ECF No. 385 at 2.

The Federal Rules of Civil Procedure provide that

> [a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response…in a timely manner if the party learns that response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing…

Fed. R. Civ. P. 26(e). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). However, "[i]n addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard," may provide for other sanctions, including payment of reasonable expenses. Fed. R. Civ. P. 37(c)(1). The party facing sanctions bears the

ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTIONS *IN LIMINE* ~ 3

burden of proving that its failure to disclose the required information was substantially justified or is harmless. *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008).

Defendant contends that the exclusionary sanction is "self-executing" and "automatic," citing the comments to the rule. ECF No. 385 at 5. Despite this, the Ninth Circuit has held that preclusion of evidence can be a harsh sanction, particularly when it deals a "fatal blow" to an entire claim or request for punitive damages, amounting, in practical terms, to the dismissal of a claim. *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1247 (9th Cir. 2012).[2] Consequently, when district courts in this circuit conduct the harmlessness inquiry under Rule 37(c)(1), they are required to consider "whether the claimed noncompliance involved willfulness, fault, or bad faith…and also to consider the availability of lesser sanctions." *Id*. (internal citations omitted). The court has wide discretion in determining the appropriate sanction. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). In determining the appropriate sanction, the Court looks to five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3)

---

[2] Plaintiffs, however, do not make this argument in their response to Defendant's motion in limine. *See* ECF No. 425.

ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTIONS *IN LIMINE* ~ 4

the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See Wendt v. Host Int'l, Inc.,* 125 F.3d 806, 814 (9th Cir. 1997).

The Court examines each type of damages in turn.

### 1. PC's Trade Secret and Tortious Interference Damages

The Court's Order Denying in Part the Parties' Motions for Summary Judgment (ECF No. 428) granted summary judgment on the issues of tortious interference and misappropriation of trade secret. Thus, the Court denies as moot Defendant's request to exclude damages evidence for these claims.

### 1. PC's Brokerage Fee Damages

With respect to PC's brokerage fee damages of $8,000, the parties acknowledged during the pretrial conference that these damages were only presented as resulting from PC's unjust enrichment claim. The Court granted Defendant's motion for summary judgment on this claim. ECF No. 428 at 33. Accordingly, this request to exclude evidence of unjust enrichment damages is also denied as moot.

### 2. PGT's Disgorgement Damages of $75,000 per year

With respect the $75,000 per year in disgorgement damages, Plaintiffs claim that the late disclosure was harmless to Defendant and as such should not be excluded. ECF No. 425 at 2-3. Plaintiffs contend that the calculation of the

ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTIONS *IN LIMINE* ~ 5

1  $75,000 per year fee is based on the language of the CMA and requires no
2  calculation; as such, no discovery is required. *Id*. at 3.

3  The Court disagrees. The CMA provides for the *amount* of $75,000 ("It is
4  intended that the activity resulting from this agreement will result in a relationship
5  that will generate net operating profits to be split with 60% going to Lansing and
6  40% going to SG after the first $75,000 is designated to Lansing."). But Plaintiffs'
7  second amended answer to the interrogatory, which Defendant cites, indicates that
8  the $75,000 represented the yearly amount "retained by Lansing for its accounting
9  of the CMA (which it did not do)." ECF No. 385 at 4. Thus, the plain language of
10 the CMA does not designate that the $75,000 is a yearly amount or one to be paid
11 in exchange for an accounting. As such, Plaintiffs failure to disclose this
12 information timely was not harmless, as it occurred after the discovery cutoff and
13 thus Defendants did not have time to further pursue the nature of these damages.

14 Nor does exclusion of the $75,000 appear to be dispositive of any of
15 Plaintiffs' claims, though this is unclear from the parties' briefing. Thus, exclusion
16 under the rule does not appear to run afoul of *R & R Sails*. Accordingly,
17 Defendant's motion to exclude the $75,000 per year damage claim is granted. As
18 the Court explained at the pretrial hearing, this does not mean that the $75,000
19 cannot be referenced or testified to during trial. It has evidentiary relevance.
20 ///

ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S
MOTIONS *IN LIMINE* ~ 6

**B. Defendant's Motion *in Limine* No. 2 Re: Location 251 and Beyond**

Defendant moves *in limine* to exclude evidence not specific to the Plymouth Market Zone. ECF No. 387 at 2. Defendant contends that because the Court has previously ruled that activity beyond the Plymouth Market Zone (e.g., Location 251 or activity beyond Location 251) is not discoverable, the Court should exclude evidence not specific to the Plymouth Market Zone, the only market zone encompassed by the CMA. *Id*. Defendant states that "evidence of Lansing's profit, loss, trades, margins, or positions throughout all market zone in Location 251 (or in other locations) does not logically advance the issue of the appropriate profit and loss calculations under the CMA, which is limited to the Plymouth market zone." ECF No. 387 at 6.

Plaintiffs respond that they do not contest a reasonable limitation to exclude Location 251, but request that the following testimony or evidence not be excluded:

1. Documents referencing Location 251 produced to Plaintiffs by Defendants;
2. Rebuttal or impeachment testimony or evidence in response to testimony related to Location 251 introduced through Defendants;
3. Testimony related to Location 251 or other locations that relate to the bonus of Charles Lapke;
4. Documents or testimony that rebuts or impeaches Lansing testimony or evidence stating that certain activity in Location 251 was not related to activity covered by the Corn Marketing Agreement;
5. Documents or testimony that show that prior to 2007 Charles Lapke was not trading outside of Location 251; and

ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTIONS *IN LIMINE* ~ 7

      6. Documents or testimony to rebut or impeach testimony introduced by Defendants related to locations under the supervision of Paul Frick.

ECF No. 427 at 4. Plaintiffs also contend that Defendant's motions should be denied to the extent it relates to testimony of Plaintiffs' expert Phillip Williams, whose October and November Supplemental Reports were the subject of Defendant's separate motion to exclude. ECF No. 427 at 3.

      "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. "Irrelevant evidence may merely be a waste of time, may confuse the jury, or may cause serious prejudice to the defense." *McKinney v. Rees*, 993 F.2d 1378, 1380 (9th Cir. 1993).

      Here, the Court's prior rulings with respect to Location 251 stand in that documents and testimony will not be relevant simply because they reference Location 251, which encompasses the Plymouth Market Zone. The Court and the parties all understand that the Plymouth Market Zone is not coextensive with Location 251 and as such, relevance cannot be established by reference to Location 251 alone. However, this does not preclude introduction of all evidence and testimony related to Location 251 if its relevance is established through other means. In other words, Defendants may not exclude every paper, email, or word of

ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTIONS *IN LIMINE* ~ 8

testimony simply because of it refers to Location 251 or does not refer to the Plymouth Market Zone, so long as the evidence has independent relevance. The Court looks to the parties' specific contentions in turn.

First, with respect to Williams' testimony and reports, the Court agrees with Plaintiffs, and here rules consistent with its ruling in its December 20, 2013, Order Re: Motions to Exclude Experts (ECF No. 429). The Court stated in its order:

> Williams' October and November 2013 Report estimates are based on the Location 251 flowsheets, which purportedly include a larger area than the Plymouth area covered by the CMA. *See* ECF No. 381 at 6. However, the fact that Location 251 includes more information than needed to calculate profit and loss for the Plymouth area does not mean that testimony relating to Location 251 does not "logically advance[] a material aspect of the case." Contrary to Defendant's contention that Plymouth lacks the information about corn activity profit and loss from "Canada, North Dakota, Montana or PNW" and thus cannot know what to subtract from Location 251 flowsheets to get Plymouth-specific numbers, ECF No. 381 at 6, Plaintiffs contend that Steve Paulson believes (and has testified) that only a few trades in Arizona for corn were included in the Location 251 profits and thus the majority of transactions unrelated to the CMA can be sorted out by focusing on corn transactions. ECF No. 407 at 9. Whether or not this is true remains a question for trial. The fact that Location 251 includes more information than just Plymouth does not, without more, mean that Williams' estimates for the Plymouth area fail *Daubert*'s relevance prong. If Plaintiffs fail to support Williams' use of the Location 251 flowsheets, Defendant may cross-examine Williams to that effect and/or renew its objection at trial. Accordingly, Defendant's motion to exclude on these grounds is denied.

ECF No. 429 at 17-18. Accordingly, Defendant's request to exclude such evidence already addressed in the Court's order at ECF No. 429 is denied.

ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTIONS *IN LIMINE* ~ 9

Because Plaintiffs do not contest Defendant's motion as it concerns reasonable limitations to exclude Location 251, ECF No. 427 at 3, the Court addresses Plaintiffs' specific exceptions as follows.

1. **Documents referencing Location 251 produced to Plaintiffs by Defendants.** As noted above, insofar as testimony is independently relevant, Defendant's motion to exclude on grounds that it refers to Location 251 is denied.

2. **Rebuttal or impeachment testimony or evidence in response to testimony related to Location 251 introduced through Defendants.** Insofar as Defendant's testimony or evidence makes relevant such evidence and opens the door to it, Defendant's motion to exclude is denied.

3. **Testimony related to Location 251 or other locations that relate to the bonus of Charles Lapke.** As noted above, insofar as testimony is independently relevant, Defendant's motion to exclude on grounds that it refers to Location 251 is denied.

4. **Documents or testimony that rebuts or impeaches Lansing testimony or evidence stating that certain activity in Location 251 was not related to activity covered by the Corn Marketing Agreement.** Insofar as Defendant's testimony or evidence makes

ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTIONS *IN LIMINE* ~ 10

relevant such evidence and opens the door to it, Defendant's motion to exclude is denied.

5. **Documents or testimony that show that prior to 2007 Charles Lapke was not trading outside of Location 251.** The Court reserves ruling pending trial.

6. **Documents or testimony to rebut or impeach testimony introduced by Defendants related to locations under the supervision of Paul Frick.** The Court reserves ruling pending trial.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant' Motion *in Limine* No. 1 Re: Plaintiff's Damages Allegations (ECF No. 385) is **DENIED in part and GRANTED in part** as follows:

    a. Defendant's request to exclude evidence of damages for trade secret and tortious interference claims is **DENIED as moot.**

    b. Defendant's request to exclude evidence of PC's brokerage fees is **DENIED as moot.**

    c. Defendant's request to exclude evidence of disgorgement damages for accounting is **GRANTED.**

///

///

///

ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTIONS *IN LIMINE* ~ 11

2. Defendant's Motion *in Limine* No. 2 Re: Location 251 and Beyond (ECF No. 387) is **GRANTED in part, DENIED in part and RESERVED** as indicated above.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** April 10, 2014.



THOMAS O. RICE
United States District Judge